UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MICHAEL L. TAYLOR, ) | |
| ) | |
|     *Petitioner,* ) | |
| v. ) | No.   1:13-cv-220 |
| ) | *Judge Curtis L. Collier* |
| DOUG COOK, Warden,[1] Bledsoe County ) | |
| Correctional Complex, ) | |
| ) | |
|     *Respondent.* ) | |
| ) | |

**MEMORANDUM OPINION**

This is a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, brought by Tennessee inmate, Michael L. Taylor ("Petitioner"). Petitioner challenges his 1999 conviction by a Hamilton County, Tennessee jury of first-degree murder, carjacking, two counts of aggravated assault, and two counts of especially aggravated robbery (the trial court merged the aggravated assault convictions into the convictions for especially aggravated robbery) (Court File No. 16). For these offenses, Petitioner received a total prison sentence of life plus twenty years.

Respondent has filed a motion to dismiss the petition (Court File No. 27), in which he argues the petition is time-barred under 28 U.S.C. § 2244(d)(1). In support of his motion, Respondent has submitted a brief and the state court record (Court File No. 28; Addenda Nos. 1–4). Petitioner has failed to respond to Respondent's motion to dismiss, and the time for doing so has passed. For the reasons which follow, Respondent's motion will be **GRANTED**.

**I.     PROCEDURAL HISTORY**

---

[1] Doug Cook replaced Stanton D. Heidle as warden of the Bledsoe County Correctional Complex. Accordingly, the Clerk is **DIRECTED** to change the name of Respondent to Doug Cook on the Court's CM/ECF docket sheet.

On September 8, 1999, Petitioner's convictions were affirmed by the Tennessee Court of Criminal Appeals ("TCCA"). *State v. Taylor*, No. 03C01-9810-CR-00366, 1999 WL 692579, at *1 (Tenn. Crim. App. Sept. 8, 1999). On March 6, 2000, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. *Id*. Petitioner did not file a petition for writ of certiorari to the United States Supreme Court.

Petitioner next filed a petition for post-conviction relief in the Hamilton County, Tennessee Criminal Court on March 6, 2001. The post-conviction court found that Petitioner had failed to present any factual basis for his grounds for relief, and gave Petitioner additional time to amend his petition (Addendum No. 4, at p. 000897). When Petitioner failed to respond, the post-conviction court summarily dismissed the petition on May 1, 2001, informing Petitioner of the deadline to file a notice of appeal (Addendum No. 4, at pp. 000897–98). Petitioner did not file a notice of appeal within the required time, but on February 27, 2002, filed a motion to pursue an untimely appeal the post-conviction court's summary dismissal of his petition (Addendum No. 4, at p. 000898). The state court denied Petitioner's motion on March 13, 2002, stating that it lacked jurisdiction and that Petitioner could move the TCCA to waive the requirement of a timely notice of appeal (Addendum No. 4, at p. 000898). Petitioner next filed a writ of mandamus in the Hamilton County Criminal Court on August 19, 2002, seeking to compel the judge to issue an order on his motion for delayed appeal (Addendum No. 3). The state court, noting the record did not indicate that the court clerk sent Petitioner a copy of the March 13, 2002 order, nevertheless dismissed the petition for lack of jurisdiction (Addendum No. 3).

On October 29, 2009, Petitioner filed a motion to reopen his post-conviction proceedings, alleging, among other reasons, that a new case established a new constitutional right to counsel

2

or an evidentiary hearing in post-conviction proceedings (Addendum No. 4, at p. 000897). The state court denied Petitioner's motion on December 9, 2009, stating that no new constitutional right was created as alleged by Petitioner (Addendum No. 4, at p. 000898). Petitioner next filed his petition for writ of habeas corpus in this Court on July 1, 2013.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241 *et. seq.*, imposes a statute of limitations to govern the filing of an application for a federal writ of habeas corpus. The limitations statute provides, in relevant part, that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of ---
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; [or]
> . . .
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A), (D). However, the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2)

Petitioner filed a direct appeal, including filing an application for permission to appeal to the Tennessee Supreme Court. As noted, the Tennessee Supreme Court denied the application on March 6, 2000. Ninety days later—i.e., June 5, 2000, when the time expired for Petitioner to seek review of the state court's decision to the United States Supreme Court, Petitioner's conviction became final, and AEDPA's one-year clock began. *See Lawrence v. Florida*, 549

3

U.S. 327 (2007) (acknowledging that direct review under § 2244(d)(1)(A) includes review of a state conviction by the Supreme Court); *Clay v. United State*, 537 U.S. 522, 524 (2003) (finding that if no petition for certiorari is filed, the judgment becomes final upon expiration of the 90-day period for seeking certiorari review in the Supreme Court).

The AEDPA clock triggered on June 5, 2000, was paused on March 6, 2001, when Petitioner filed his state post-conviction petition. Petitioner's AEDPA clock remained tolled until the time expired for him to file a notice of appeal after the post-conviction court denied his petition—i.e., thirty days after May 1, 2001. At this time, 275 days had run on Petitioner's one-year limit. "The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As such, Petitioner had ninety days after June 1, 2001—i.e., until August 30, 2001, to file his federal habeas petition.

Petitioner's subsequent petitions to permit an untimely appeal and to reopen his state post-conviction proceeding cannot serve to toll § 2244(d)(1)'s limitation period because, by the time the collateral proceedings were initiated, AEDPA's clock had already stopped and there was no time left to toll. *See id*. ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Petitioner's petition is deemed to have been filed on June 27, 2013, the date Petitioner signed it (Court File No. 2). *See Houston v. Lack*, 487 U.S. 266, 270–72 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (finding that the signing date will be deemed to be the filing date, unless there is evidence to the contrary). At eleven years, nine months, and twenty-eight days after the expiration of the AEDPA statute of limitations, Petitioner's petition is untimely under § 2244(d)(1)(A).

4

Nevertheless, a petition relying on a *Brady* violation may be considered timely if it is filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). *See Willis v. Jones*, 329 F. App'x 7, 16–17 (6th Cir. 2009) (holding that the clock begins to run when the petitioner actually discovers the fact underlying the *Brady* claim). The Sixth Circuit, however, declined to extend this holding to every single claim of a *Brady* violation; rather the court found that as long as the petition is based on evidence not disclosed until after the limitations period had passed, the petition is timely. *Id*. at 17.

Here, Petitioner alleges that the state withheld exculpatory evidence in form of information related to the fingerprint evidence introduced at trial and evidence related to the physical exhibits that were the subject of the fingerprint report (Court File No. 17). Particularly, Petitioner alleges the state withheld underlying notes or electronic DNA and fingerprint data that was favorable to him, and also that the state made threats to one of its key witnesses and forced her into implicating Petitioner for the crimes he was convicted of (Court File No. 17). However, Petitioner has not provided any evidence to support his *Brady* claim, nor has he alleged any facts to indicate his diligence in discovering the facts underlying his *Brady* claim. Even further, Petitioner has not given the Court any guidance on when he discovered these alleged *Brady* violations, to enable to Court determine whether his claims fall within the applicable limitations period. As such, the Court cannot find Petitioner's petition, in so far as it alleges a *Brady* violation, was timely under 28 U.S.C. § 2244(d)(1)(D).

### A.     Equitable Tolling

The one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d

5

665, 670 (6th Cir. 2012) (limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted). Whether the statute should be equitably tolled depends on whether a petitioner shows: (1) he has been diligent in pursuing his rights, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Petitioner bears the burden of showing that he is entitled to equitable tolling. *Id*. The decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 .3d 517, 521 (6th Cir. 2002).

Petitioner did not respond to Respondent's motion to dismiss. However, when asked to explain why the one-year statute of limitations does not bar his petition, Petitioner seems to suggest that the Supreme Court's decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), should apply in Tennessee and should somehow work to excuse his untimely petition (Court File No. 17, at pp. 13–14). While Petitioner is correct that the exception espoused in *Martinez* and *Trevino* is applicable in Tennessee, *see Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014), the *Martinez* exception does not work to excuse a petition that is time-barred. Rather, the *Martinez* exception merely allows a habeas petitioner to establish cause for a claim of ineffective assistance of trial counsel which has been procedurally defaulted because of ineffective assistance of post-conviction counsel. 132 S. Ct. at 1315.

Petitioner's arguments provide no basis for the application of equitable tolling. Thus, the Petitioner has not carried his burden of showing his case is one of the exceptional ones where equitable tolling is justified. Therefore, the Court finds that AEDPA's statute of limitations should not be equitably tolled.

**B.    Actual Innocence**

6

Case 1:13-cv-00220-CLC-SKL   Document 32   Filed 04/06/15   Page 6 of 8   PageID #: 279

In *McQuiggin v. Perkins*, the Supreme Court held "actual innocence, if proved, serves as a gateway through which a petitioner may pass . . . expiration of the statute of limitations." 133 S. Ct. at 1928. The Court, however, held that "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Here, Petitioner has not presented any new evidence that could meet the *Schlup* threshold requirement. Rather, Petitioner merely alleges that a review of the evidence already presented to the jury at his trial, would prove his innocence (Court File No. 17). Petitioner has failed to meet his burden here because he cannot demonstrate that no reasonable juror could have voted to convict. As such, the Court cannot find that actual innocence warrants tolling of the AEDPA statute of limitations in Petitioner's case.

## III. CONCLUSION

For the above reasons, the Court will **GRANT** Respondent's motion to dismiss (Court File No. 27), and will **DISMISS** the petition as untimely under § 2244(d). The Court finds Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists would not disagree about the correctness of the Court's procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will also **DENY** issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253.

An appropriate order will enter.

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

8

Case 1:13-cv-00220-CLC-SKL   Document 32   Filed 04/06/15   Page 8 of 8   PageID #: 281